SIG HESS *et al., Plaintiffs in Error,* v. WILLIE M. ROBERSON, *Defendant in Error.*

Opinion Filed January 27, 1914.

Rehearing Denied March 10, 1914.

Under the charter provisions of the City of Jacksonville the Board of Bond Trustees of the city are authorized to try members

of the police force of the city only upon charges involving removal made by the mayor of the city.

Writ of error to Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment affirmed.

*P. H. Odom, Alston Cockrell* and *D. T. Gray,* for Plaintiffs in Error;

*D. C. Campbell,* for Defendant in Error.

WHITFIELD, J.—Roberson, a member of the police force of the City of Jacksonville, Florida, procured from the Circuit Court a Writ of Prohibition against the Board of Bond Trustees of said city which was made absolute to prevent said board from trying Roberson on a charge made by the acting Chief of Police of the city with a view to a suspension or removal by the board of Roberson as a member of the police force. No objection is made to the writ as a mode of procedure.

On writ of error the respondents below contend, in effect, that the Board of Bond Trustees have authority to try a member of the police force on charges made by the chief of police, and to suspend or remove such member.

The statutory provisions that "the Board of Bond Trustees of the City of Jacksonville shall have exclusive power to appoint subject to approval by the affirmative vote of two-thirds of the members of the City Council, all * * members of the police force," and that "the organization, number and compensation of members of the police force * * shall be regulated and controlled by

the Board of Bond Trustees," must be considered in connection with the other statutory enactments that the Mayor "shall have power to * direct and control the police force of the city," and "power to preserve the peace within the limits of the city and in public parks and grounds without the city, belonging to the city," as well as in connection with the ordinance adopted pursuant to the statutory provision that "the City Council may, by ordinance, establish general provisions and requirements, which shall be followed by the Mayor, in the control, suspension and removal of members of the police force, designating the causes for and grounds upon which members of the police force may, upon specific charges, be removed from office, and providing for the trial of such charges before the Board of Bond Trustees; and after the publication of such ordinance no member of the police force who has served one year or more shall be removed from office, except under and in pursuance of the provisions of such ordinance." The ordinance adopted pursuant to this statutory authority provides as follows: "Section 1. The Mayor shall be the executive head of the police force of the City of Jacksonville, and the direction and control of the same shall be in him, except as to the organization, number and compensation of the members thereof. The Mayor shall take care that all laws and ordinances concerning the city are duly respected and observed in the city and its property outside of the city. He shall have full power and authority to make and issue to the police force any and all orders which, in his judgment, may be expedient or necessary to preserve the public peace, prevent crimes, detect and arrest offenders, suppress riots, protect the rights of persons and property, guard the public health, preserve order at elections, provide for the removal of nuisances, restrain disorderly

houses, assist, advise and protect strangers and travelers in public streets or at steamboat landings, or railroad stations, enforce all laws relating to the suppression and punishment of crime and to the public health, and to disorderly persons, and all ordinances and resolutions of the City Council in relation to the police force, health and criminal procedure.

## MAYOR HAS FULL POWER.

Sec. 2. The Mayor shall have full power and authority to receive any and all charges that may be made against any member of the police force, and to suspend such member, with or without pay, pending the result of an investigation by him, or a trial by the Board of Bond Trustees as hereinafter provided.

It shall be the duty of the Mayor to conduct a fair and speedy investigation of such charges. In the event he finds any member of the police force guilty of any misconduct for neglect of duty, he shall have full power and authority to punish such member by suspension from duty, without pay, for a period not to exceed three months, or, in case the accused member has not served as a member of the force for one year or more to remove him from office.

Provided, however, that whenever the Mayor suspends or removes any member of the police force he shall report his actions with his reasons therefor in writing to the next meeting of the City Council for its approval or rejection.

## REMOVAL OF OFFICERS.

Sec. 3. Whenever the Mayor, upon investigation of any charge against any member of the police force who

has served as a member thereof for one year or more shall be of the opinion that removal from office is the only adequate punishment, he shall make and file with the Board of Bond Trustees the charges against said member, or transmit to and file with them the charges made to him. And it shall be the duty of the Board of Bond Trustees to give to the accused a fair and speedy trial. Two-thirds (2-3ds) of the members of the Board of Bond Trustees shall constitute a quorum for the trial of such charges and a majority of the members present may find the accused guilty or not guilty. If found not guilty the accused shall be returned to duty with full pay from the time he was suspended, if suspended without pay pending the result of the trial. If found guilty the Mayor shall proceed to remove the accused from the police force.

## CAUSES FOR REMOVAL.

Sec. 4. Any member of the police force may be removed from office for the following causes and upon the following grounds:

1. Misfeasance, malfeasance or non-feasance in office.
2. Drunkenness.
3. Conviction of any crime.
4. Mistreatment or neglect of prisoners.
5. Disobedience of any lawful order of the Mayor.
6. Incompetency or incapacity.
7. Acceptance of gratuities.
8. Any misconduct or neglect of duty, or conduct toward the Mayor, officers or members of the police force subversive of discipline.

But no member of the police force who has served as a member one year or more shall be removed from office

without having first been tried before the Board of Bond Trustees upon the charges preferred against him.

Sec. 5. All charges made against any member of the police force to the Mayor, or made or transmitted by him to the Board of Bond Trustees, shall be in writing, and signed by the person making them. No especial form shall be required, but the offense charged must be clearly and specifically stated.

## TRIALS TO BE PUBLIC.

Sec. 6. All investigations and trials herein provided for shall be held in the City Hall, shall be public and shall be held within two weeks from the filing of the charges. The accuser shall be served with reasonable notice of the investigation or trial and the accused shall be served with like notice, together with a copy of the charges. He shall in all cases have the right to be present and to be represented by counsel, and the City Attorney at the request of the Mayor, or of the Board of Bond Trustees shall act as prosecutor.

The Recorder shall act as Clerk at all investigations and trials and shall keep a brief record of all of the proceedings. He shall administer oaths to all witnesses, and, at the request of the Mayor, Board of Bond Trustees, the accused officer, or the accuser shall issue subpœnas and compulsory process to compel the attendance of persons, and the production of books and papers before the Mayor, or the Board of Bond Trustees. All motions, process and subpœnas provided for herein shall be served and returned by a member of the police force.

## OTHER PROVISIONS.

Sec. 7. The Chief of Police, or the acting Chief shall immediately notify the Mayor in writing of any and all

changes made by the Board of Bond Trustees in the membership or organization of the police force.

Sec. 8. All resignations from the police force shall be addressed to the Mayor and shall be in writing.

Sec. 9. The Chief or acting Chief of Police shall report to the Mayor daily, or at such convenient time as the Mayor may direct, the condition and general transactions of the police force and such matters or things in regard thereto as the Mayor may request or require."

It is clear from these provisions of the statutes and of the ordinance adopted by express authority of the statute, that the Board of Bond Trustees have "exclusive power to appoint," subject to approval by the City Council "all members of the police force;" and that "the organization, number and compensation of the police force   *   shall be *regulated* and *controlled* by the Board of Bond Trustees." But in view of the express provisions as to the power of suspension and removal, these powers given the Board of Bond Trustees "to appoint" and to regulate and control the "organization, number and compensation of the members of the police force," do not include or imply power to suspend a member of the police force or to take part in the removal of a member of the police force except as stated in the quoted provisions. The main features of the ordinance are clearly not in excess of the statutory authority under which it was adopted, and it is controlling when not in conflict with the higher law. The statute expressly provides for an ordinance to "establish general provisions and requirements" to guide the Mayor "in the control, *suspension* and *removal* of members of the police force." The provision of the statute for an ordinance "designating the causes for and grounds upon which members of

the police force may, upon *specific charges,* be *removed* from office" and for a trial of "such charges before the Board of Bond Trustees," is confined to *removals* "from office." The ordinance expressly provides that whenever the Mayor is of opinion that a charge made against any member of the police force who has served one year or more, warrants *removal from office* "he shall make and file with the Board of Bond Trustees the charges against said member, or transmit to and file with them the charges made to him." This clearly contemplates a trial upon charges preferred by the Mayor. The ordinance adopted pursuant to the statute to "establish general provisions and requirements" to guide the Mayor in a "*suspension*" of the members of the police force, provides that when charges are made *to the Mayor* "against any member of the police force," he shall "conduct a fair and speedy investigation of such charges," and if such member of the police force is found "guilty of any misconduct or neglect of duty, he shall have full power and authority to punish such member by *suspension from duty,* without pay, *for a period not to exceed three months.*" Provided, however, that he shall report his actions, with his reasons therefor, in writing to the next meeting of the City Council for its approval or rejection." If the provision of section 2 of the ordinance that "in case the accused member has not served as a member of the force for one year or more," the Mayor may "remove him from office," if found "guilty of any misconduct or neglect of duty," conflicts with the statutory enactment that "members of the police force may, upon specific charges, be removed from office," * * * upon "trial of such charges before the Board of Bond Trustees," as provided for by the ordinance, such provision does not affect the remainder of the ordinance, and it may be disregarded. Under the

authority to "by ordinance establish general provisions and requirements, which shall be followed by the Mayor, in the control, suspension and *removal* of members of the police force," it is not clear that the ordinance is in excess of the authority conferred because it provides that *two-thirds* of the members of the Board of Bond Trustees shall constitute a quorum for the trial of charges made for the removal of a member of the police force, and that "a majority of the members present shall find the accused guilty or not guilty," when the statute provides that "no official action shall be taken except by a majority vote cast." The authority of the Board of Bond Trustees to regulate and control the *compensation* of members of the police force does not necessarily conflict with the power of the Mayor to suspend for a stated period without pay.

It is argued that as the statute of 1887 gave to a Board of Police Commissioners "exclusive power to appoint, organize and remove members of the police force," when the statute was amended and the Board of Bond Trustees were given power "to appoint" and to regulate and control "the organization, number and compensation of members of the police force," the power of *removal* was thereby given the latter board. But this contention falls in the face of the terms of the amending statute, as no such power of removal is given to the Board of Bond Trustees expressly or by implication or intendment, except in so far as a trial before such Board is provided for "upon specific charges" to determine the issue duly made.

The power and duty of the Mayor "to direct and control the police force," "to preserve the peace," and his powers as to the "control, suspension and removal of members of the police force," may at some points of contact with the powers and duties of the Board of Bond

Trustees "to appoint" and to regulate and control "the organization, number and compensation of members of the police force," cause inconvenience or confusion and friction, but the law as written should be enforced. A policy of forbearance and cooperation in obeying the law in the interest of the public welfare is expected of all officials.

As the Board of Bond Trustees are authorized to try members of the police force only upon charges made by the Mayor for removal, the judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.